**IN THE UNITIED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF THE STATE OF OKLAHOMA**

In RE:                                                     )
Danielle McCoy and Kylie McCoy                             )
_____                   )
                                        **Debtors,**       )
                                                           )
Ian's Enterprise, LLC                                      )   **Case No.** ____26-11376-SAH____
_____                   )
                                        **Plaintiff,**     )   Chapter 7
                                                           )
  **vs.**                                                  )   **Adv. Case No.** ____26-01031-SAH____
                                                           )
Danielle McCoy and Kylie McCoy                             )
_____                   )
                                        **Defendants.**    )

**PROOF OF SERVICE**
**AFFIDAVIT**

I, _Ian Rupert with Ian's Enterprise LLC_, of lawful age, swears or affirms:

1.       That on ____07/28/2026____ I,~~under license~~ _____, received the following court process documents:
_Complaint and Summons in an Adversary Proceeding_____, showing a court or answer due date of ____08/27/2026____.

2.       That I served said process according to law in the following manner, to wit:

PERSONAL SERVICE

__ by delivering a true copy of said process personally to _____

on _____ at _____ while located at _____.

RESIDENTIAL SERVICE

__ by leaving a true copy of said process for _____ with

_____, a resident / family member fifteen years of age or older,

on _____ at _____ while located at _____.

OTHER SERVICE INFORMATION

        Per F.R.B.P. §7004(g) and (b)(9), by USPS first-class mail, postage prepaid, on 07/29/2026, to:
         a) Attorney Paul J. Choate, c/o Danielle McCoy and Kylie McCoy, 3904 N.W. 23rd Street, Oklahoma City OK 73107;
         b) Danielle McCoy, 8906 Oak Valley Drive, Oklahoma City OK 73110; and
         c) Kylie McCoy, 8906 Oak Valley Drive, Oklahoma City OK 73110.
☑ as follows: _____.

**Approved by:**

Further, your affiant sayeth not.

Pursuant to 12 O.S. §426, I state under penalty of perjury
under the laws of Oklahoma that the foregoing is true and
correct to the best of my knowledge.

Signed this _29th_ day of _____July_____, 20__26__ in
_Oklahoma_____ County, Oklahoma.

_____, Affiant
 Ian Rupert with Ian's Enterprise LLC

/s/ Amanda R. Blackwood_____
Amanda R. Blackwood, OBA #33839
BLACKWOOD LAW FIRM, PLLC
512 NW 12th Street
Oklahoma City, OK 73103
405.309.3600 -Telephone
405.378.4466 – Facsimile
amanda@blackwoodlawfirm.com – Email
**ATTORNEY FOR PLAINTIFF**

LC00665698 - 406 - Mccoy



# JOB RECIPIENT LIST/REVIEW

## 20260728_LC-406-Mccoy Summons And Complaint

Job #: **14530892**
Quantity: **3**
Mailed On: **07/29/2026**

### Mailed Recipients

[3 Mailed Recipients]                                                                  Filter

| AcctNo | Name1 | Name2 | Address 1 | Address 2 | City | State | Zip | Proof |
|---|---|---|---|---|---|---|---|---|
| 1 | Attorney Paul J. Choate | c/o Danielle McCoy and Kylie McCoy | 3904 N.W. 23rd Street | | Oklahoma City | OK | 73107 | View |
| 2 | Danielle McCoy | | 8906 Oak Valley Drive | | Oklahoma City | OK | 73110 | View |
| 3 | Kylie McCoy | | 8906 Oak Valley Drive | | Oklahoma City | OK | 73110 | View |

[3 Mailed Recipients]

-------------------------------------------------------------------------------

### Removed Recipients

[0 Recipient Were Removed]

| AcctNo | Name1 | Name2 | Address 1 | Address 2 | City | State | Zip | Proof |
|---|---|---|---|---|---|---|---|---|

[0 Recipient Were Removed]

**Back to Jobs**    **Review Inserts**

Legal Department
9450 SW Gemini Dr. #39525
Beaverton OR 97008

0014530892000031



Attorney Paul J. Choate
c/o Danielle McCoy and Kylie McCoy
3904 N.W. 23rd Street
Oklahoma City OK 73107
USA

Legal Department
9450 SW Gemini Dr. #39525
Beaverton OR 97008

Service PKG Page 4 of 14



0014530892000020
Danielle McCoy
8906 Oak Valley Drive
Oklahoma City OK 73110
USA

Legal Department
9450 SW Gemini Dr. #39525
Beaverton OR 97008



0014530892000010
Kylie McCoy
8906 Oak Valley Drive
Oklahoma City OK 73110
USA

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

## FILED
Jul. 28, 2026
Douglas E. Wedge , Clerk
U.S. Bankruptcy Court
Western District of Oklahoma

**IN RE:**

**Danielle McCoy and Kylie McCoy**
 Debtor(s).

**Case Number:  26–11376 – SAH**
**Chapter  7**

**Ian's Enterprise, LLC**
 Plaintiff(s)

 v.

**Adv. Number:  26–01031 – SAH**

**Danielle McCoy et al.**
 Defendant(s)

## SUMMONS IN AN ADVERSARY PROCEEDING

### Summons Issued on  Danielle McCoy

   YOU ARE SUMMONED and required to submit a motion or answer to complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

Address of Clerk:
   Clerk, U.S. Bankruptcy Court
   Western District of Oklahoma
   215 Dean A. McGee Avenue
   Oklahoma City, OK 73102

At the same time, you must also serve a copy of the motion or answer upon the attorney for the plaintiff.

Name and Address of Attorney for the Plaintiff:
Amanda R Blackwood
Blackwood Law Firm, PLLC
512 NW 12th Street
Oklahoma City, OK 73103

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.



Date Issued:  July 28, 2026

FOR THE COURT
Douglas E. Wedge
Court Clerk

By: s/ Ashley Rucker
Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

**FILED**
Jul. 28, 2026
Douglas E. Wedge , Clerk
U.S. Bankruptcy Court
Western District of Oklahoma

**IN RE:**

**Danielle McCoy and Kylie McCoy**
    Debtor(s).

**Case Number:  26–11376 – SAH**
**Chapter  7**

**Ian's Enterprise, LLC**
    Plaintiff(s)

  v.

**Adv. Number:  26–01031 – SAH**

**Danielle McCoy et al.**
    Defendant(s)

## SUMMONS IN AN ADVERSARY PROCEEDING

### Summons Issued on  Kylie McCoy

   YOU ARE SUMMONED and required to submit a motion or answer to complaint which is attached to this summons to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days of issuance.

Address of Clerk:
   Clerk, U.S. Bankruptcy Court
   Western District of Oklahoma
   215 Dean A. McGee Avenue
   Oklahoma City, OK 73102

At the same time, you must also serve a copy of the motion or answer upon the attorney for the plaintiff.

Name and Address of Attorney for the Plaintiff:
Amanda R Blackwood
Blackwood Law Firm, PLLC
512 NW 12th Street
Oklahoma City, OK 73103

If you make a motion, your time to answer is governed by Federal Rule of Bankruptcy Procedure 7012.

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.



Date Issued:  July 28, 2026

FOR THE COURT
Douglas E. Wedge
Court Clerk

By: s/ Ashley Rucker
Deputy Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

IN RE:                                    )

DANIELLE MCCOY AND KYLIE MCCOY,  )          Case No. 26-11376-SAH

Debtors.                     )          Chapter 7

_____  )

IAN'S ENTERPRISE, LLC                     )

                                          )

Plaintiff,                   )

vs.                                       )          Adv. Pro. _____

                                          )

DANIELLE MCCOY AND KYLIE MCCOY,  )

                                          )

Defendants.                  )

## COMPLAINT

COMES NOW, Plaintiff Ian's Enterprise, LLC, for its Complaint against Defendants / Debtors, Danielle McCoy and Kylie McCoy, alleges and states as follows:

1. Plaintiff is an Oklahoma limited liability company doing business in Oklahoma County, Oklahoma. Plaintiff is registered to do business in the State of Oklahoma.

2. Defendants reside in Oklahoma City, Oklahoma County, Oklahoma.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.

4. Venue is proper pursuant to 28 U.S.C. §1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

5. Pursuant to F. R. Bankr. P. 7008, Plaintiff consents to the entry of final orders or judgment by the Court on any issue in this adversary proceeding.

6. On February 27, 2024, Defendants, Danielle McCoy and Kylie McCoy, signed rental applications and a residential Lease with Lynn & Co. Property Management, LLC ("Lessor") for the house located at 406 Mid America Blvd, Midwest City, Oklahoma 73110 ("Premises"), for a Lease term of February 27, 2024 through March 31, 2026.

7. The applications were signed under penalty of perjury as true and correct.

8. In the applications, Defendant Danielle McCoy represented substantially as follows:

   a) Her address history included living with her wife's mother from November 1, 2023 to March 1, 2024.

   b) She previously rented at Lodge at 777 from August 2, 2023, to November 30, 2023.

   c) She previously rented at Meridian Sooner from August 18, 2022, to August 2, 2023.

   d) She answered "No" as to whether she had past due rent or had been threatened with eviction at Lodge at 777.

   e) She answered "No" as to whether she had past due rent or had been threatened with eviction at Meridian Sooner.

   f) She answered "No" as to whether she had ever been a party to an eviction.

   g) She answered "Yes" to whether she had ever breached a lease or been sued for non-payment of rent or damages, but explained that she had broken a lease due to an early adoption, had paid for early termination, and was making monthly payments for damages, thereby representing the matter had been or was being resolved.

10. Defendant Kylie McCoy's application closely mirrored these same representations.

11. Lessor relied on Defendants' sworn representations in approving the tenancy and entering into the Lease and later Note.

12. Had Defendants been truthful in their applications, Lessor would have declined their applications and avoided the resulting financial losses.

13. On or about May 15, 2024, Defendants notified Lessor in writing of their intent to break the Lease and move out, and promised to make payments on the resulting indebtedness.

14. On May 16, 2024, Defendants and Lessor executed a Promissory Note in the original principal amount of $4,800 payable at $200 beginning June 1, 2024 and monthly thereafter until paid in full, and upon default, provides for contractual interest at the rate of 10% per annum from May 15, 2024 until paid.

15. On May 20, 2024, Lessor assigned the Note to Plaintiff.

16. Defendants made only two late payments on the Note, $200 on August 31, 2024 and $200 on September 29, 2024, and no payments thereafter.

17. By September 4, 2024, Lessor incurred $2,415 in repairs and damages at the Premises caused by Defendants' tenancy and arising from the Lease ("Repair Balance").

18. Defendants are liable for the Repair Balance under the Lease.

19. On July 19, 2026, Lessor assigned said Lease Agreement Repair Balance to Plaintiff.

20. On February 15, 2026, Plaintiff filed suit on the Note in the District Court of Oklahoma County, State of Oklahoma, in Case No. CS-2026-2090.

21. Defendants were served under CS-2026-2090  on February 17, 2026, and no other action has been taken to date.

22. On April 27, 2026, Defendants filed their Chapter 7 petition in this Court under 26-11376.

23. On May 26, 2026, YES Communities d/b/a Meridian Sooner provided a rental verification to Plaintiff and stated, under penalty of perjury, that Defendants rented there from August 19, 2022 to August 10, 2023, and left owing past due rent of $2,649.07 and past due damages of $1,115.00, identified as "Lease break fee + damages."

24. On July 23, 2026, The Lodge at 777 provided a rental verification to Plaintiff and stated, under penalty of perjury, that Defendants rented there from July 31, 2023 to December 20, 2023, and left owing at least $906.55 in past due rent and pet damages to carpet.

25. Said 2026 rental verifications directly contradict Defendants' representations that there were no past due rent issues or eviction threats at Meridian Sooner nor The Lodge at 777 and that the earlier Lease-break matter had been paid or was being satisfactorily resolved.

26. Plaintiff further uncovered a Journal Entry of Judgment for eviction under SC-2021-7479 in the Oklahoma County District Court, filed on June 4, 2021, by Meridian Sooner against Danielle Long a/k/a Defendant Danielle McCoy.

27. The 2021 eviction judgment under SC-2021-7479 directly contradicts the Defendants' representations that they had never been parties to an eviction.

28. In their Chapter 7 schedules filed under penalty of perjury in Case No. 26-11376, Defendants disclosed at lines 4.31 and 4.32 a debt of $907.00 to Pro Collect, Inc., described as relating to The Lodge at 777 Apartments, opened April 2024, and last active July 2023.

29. Defendants' 2026 sworn bankruptcy schedules constitute an admission that they owed a debt associated with The Lodge at 777 despite their 2024 sworn application statements to the contrary.

30. Defendants knowingly made materially false representations in their rental applications for the purpose of inducing Lessor to approve them for tenancy and extend possession of the subject property and the resulting Lease credit.

31. Lessor reasonably and justifiably relied upon Defendants' sworn representations in entering into the Lease and Note transactions, and Plaintiff, as assignee of the resulting Lease and Note obligations, hold the debts arising therefrom.

32. As a direct and proximate result of Defendants' false representations and omissions, Plaintiff was damaged in the amount of $4,400 remaining under the Note, plus costs and contractual interest at the rate of 10% per annum from May 15, 2024 until paid, as well as $2,415 under the Lease for the Repair Balance plus costs and statutory interest per 15 O.S. §266 at the rate of 6% per annum from September 4, 2024 until paid.

33. 11 U.S.C. § 523(a)(2)(A) excepts from discharge debts for money, property, services, or credit obtained by false pretenses, false representation, or actual fraud and § 523(c)(1) requires a creditor to obtain a court determination for debts asserted under § 523(a)(2).

## FIRST CAUSE OF ACTION - Nondischargeability Under 11 U.S.C. § 523(a)(2)(A)

34. Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35. Defendants made representations in their 2024 rental applications concerning their prior rental history, past-due rent, threats of eviction, and eviction proceedings, and the status and resolution of prior Lease-break obligations.

36. Said Defendants' representations were materially false.

37. At the time the representations were made, Defendants knew they were false, including but not limited to the denial of prior eviction involvement and the denial of past due rent or related issues at Meridian Sooner and The Lodge at 777.

38. Defendants made the representations with the intent and purpose of deceiving the Lessor into approving their rental application and delivering possession of the property and the attendant extension of credit embodied in the Note transaction.

39. Lessor justifiably relied on Defendants' representations in approving their tenancy and entering into the Lease and Note.

40. The resulting debt evidenced by the Note and Lease Repair Balance, which Lessor assigned to Plaintiff, were obtained by false pretenses, false representations, and actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

41. Plaintiff has been damaged by Defendants' fraud in an amount to be determined at trial, presently believed to be not less than $6,815 plus costs and interest.

## SECOND CAUSE OF ACTION - Nondischargeability Under 11 U.S.C. § 523(a)(2)(B)

42. Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

43. Defendants made statements in writing in 2024 concerning their prior rental history, past-due rent, threats of eviction, and eviction proceedings, and the status and resolution of prior Lease-break obligations.

44. Said Defendants' written statements were materially false.

45. Said statements respected Defendants' financial condition, including but not limited to, their history of meeting rental and payment obligations and their ability and willingness to timely pay rent and related charges.

46. Lessor reasonably relied on Defendants' written statements in approving their tenancy and entering into the Lease and Note.

47. Defendants caused the written statements to be made and published with the intent to deceive Lessor.

48. The resulting debts evidenced by the Note and Lease Repair Balance, which Lessor assigned to Plaintiff, were therefore obtained by use of a materially false written statement respecting Defendants' financial condition within the meaning of 11 U.S.C. § 523(a)(2)(B).

49. Plaintiff has been damaged by Defendants' false written statements in an amount to be determined at trial, presently believed to be not less than $6,815 plus costs and interest.

### THIRD CAUSE OF ACTION - Nondischargeability Under 11 U.S.C. § 523(a)(3)(B)

50. Plaintiff incorporates by reference paragraphs 1 through 49 as if fully set forth herein.

51. Defendants failed to schedule the prepetition debt owed to YES Communities d/b/a Meridian Sooner in the amount of $2,649.07 in past due rent and $1,115.00 in past due damages.

52. Section 523(a)(3)(B) excepts from discharge debts of the kind specified in § 523(a)(2), (4), or (6) that were neither listed nor scheduled in time to permit the timely filing of a proof of claim and timely request for determination of dischargeability, unless the creditor had notice or actual knowledge of the case in time to act.

53. To the extent discovery shows Plaintiff's debt or related fraudulent obligations were omitted or inaccurately scheduled so as to impair Plaintiff's rights under § 523(a)(2), Plaintiff pleads § 523(a)(3)(B) in the alternative.

### ###

WHEREFORE, Plaintiff, Ian's Enterprise, LLC, requests judgment against Defendants, Danielle McCoy and Kylie McCoy, jointly and severally, as follows:

1. Determining that the debts owed by Defendants to Plaintiff are nondischargeable and excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and or (B);

2. Alternatively, determining the debts owed by Defendants are nondischargeable and excepted from discharge pursuant to 11 U.S.C. § 523(a)(3)(B), to the extent shown by the evidence;

3. Awarding an amount not less than $4,400 remaining under the Note, plus costs and contractual interest at the rate of 10% per annum from May 15, 2024 until paid;

4. Awarding an amount not less than $2,415 under the Lease for the Repair Balance plus costs and statutory interest per 15 O.S. §266 at the rate of 6% per annum from September 4, 2024 until paid;

5. Upon motion and if Plaintiff prevails, an award for reasonable attorneys' fees pursuant to the Note and Lease and as allowed by law; and

6. For such other relief as the Court deems just and proper.

Respectfully Submitted,


/s/ Amanda R. Blackwood
Amanda R. Blackwood, OBA #33839
BLACKWOOD LAW FIRM, PLLC
512 NW 12th Street
Oklahoma City, OK 73103
405.309.3600 -Telephone
405.378.4466 – Facsimile
amanda@blackwoodlawfirm.com – Email
**ATTORNEY FOR PLAINTIFF**

Approved by:


07/27/2026

Ian Rupert, Ian's Enterprise LLC